UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDY COLLEEN PAUL,

    Petitioner,

v.                                                    Case No. 8:15-cv-1397-T-33AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Judy Colleen Paul, a Florida prisoner, filed through counsel a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 14) and memorandum in support (Doc. 16). She challenges her conviction entered by the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County. Respondent filed a response (Doc. 33) and Paul filed a reply (Doc. 34). Upon consideration, the petition is denied.

## PROCEDURAL HISTORY

Paul was convicted after a jury trial of one count of scheme to defraud. (Doc. 22, Ex. 1d, p. 822.)[1] She was sentenced to three years in prison, followed by ten years of probation. (*Id.*, p. 887.) The state appellate court *per curiam* affirmed her conviction and sentence. (Doc. 22, Ex. 4.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this

---

[1] The state trial court dismissed Paul's conviction for grand theft. (Doc. 22, Ex. 1d, pp. 821, 880.)

proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner must demonstrate that the state court's adjudication of her federal claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

## DISCUSSION

**Grounds One, Five, and Six**[2]

In Ground One, Paul asserts that the State's evidence was insufficient to show that she committed an offense on July 3, 2006, the date alleged in the charging information. In Ground Six, she claims that the trial court erred in denying her motion for judgment of acquittal. In Ground Five, she argues that the "Sand Kay Condominium," listed as the "victim" in the information, was a "non-existent entity." (Doc. 16, p. 18.)

Paul has failed to raise a federal claim in her habeas petition or her memorandum with respect to any of these grounds. As addressed, habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding

---

[2] Paul lists four claims in her federal habeas petition. She addresses four additional claims in her memorandum of law. The Court has labeled these claims as Grounds Five through Eight for clarity.

whether a conviction violated the Constitution, laws, or treaties of the United States."); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."). Accordingly, a claim that does not allege a federal constitutional violation is not cognizable in a federal habeas proceeding. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) (affirming the dismissal of a state law claim as not cognizable in a federal habeas action and stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief.").

Even liberally interpreting these grounds as raising federal claims, however, they would be procedurally defaulted. A federal habeas petitioner must exhaust her claims for relief by raising them in state court before presenting them in her petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" her claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). *See also Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. App'x 847, 849-50 (11th Cir. 2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right.") (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Paul asserted on direct appeal that the trial court erred in denying her motion for judgment of acquittal because the State did not prove that she committed any offense on July 3, 2006, against a victim "whose legal identity was never legally established by the

State." (Doc. 22, Ex. 2, pp. 21-24.) But Paul did not raise a federal claim, identify any federal constitutional provisions, or mention the federal standard for sufficiency of the evidence claims applied in *Jackson v. Virginia*, 443 U.S. 307 (1979).[3] (*Id.*) Instead, she cited Florida law in asserting that "[t]he proof must not only be consistent with guilt, but also inconsistent with a reasonable hypothesis of innocence," and that "[a] conviction cannot stand unless the proof is inconsistent with any reasonable hypothesis of innocence." (*Id.*, pp. 22, 23.) Thus, she clearly relied on Florida's special standard for circumstantial evidence cases, which provides that "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 460 (11th Cir. 2015) (quoting *Thorp v. State*, 777 So.2d 385, 389 (Fla. 2000)). Because her claim concerned Florida's distinguishable and "unique" standard of review for circumstantial evidence cases and did not involve federal law, Paul failed to fairly present a federal claim to the state appellate court. *See id.* at 461-62.

Paul's failure to present the federal nature of the claims to the state court leaves the exhaustion requirement unsatisfied. She cannot return to state court to file a successive appeal. *See Claughton v. Claughton*, 393 So.2d 1061, 1062 (Fla. 1980) ("The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal."); Fla. R. App. P. 9.140(b)(3) (a defendant must appeal a final

---

[3] The *Jackson* standard provides that a petitioner challenging the sufficiency of the evidence is entitled to relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324.

judgment within 30 days following rendition of a written order imposing sentence). Therefore, any federal claims are procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (the doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.").

To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that the errors at her trial created the possibility of prejudice but that they worked to her actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Paul has not alleged or demonstrated the application of either exception to overcome the default. Accordingly, Grounds One, Five, and Six are barred from review.

**Ground Three**

Paul asserts that "incompetent testimony was allowed." (Doc. 14, p. 9.) She claims that "[t]here was no testimony from any competent, experienced financial crimes investigator" and that the State's witnesses had no experience in bookkeeping or financial matters. (*Id.*) As Paul has not alleged any federal constitutional violation, however, her claim is not cognizable in this federal habeas proceeding. *See Branan*, 861 F.2d at 1508.

Furthermore, even liberally construing her claim as alleging a federal violation, it would be unexhausted because Paul did not clearly argue on direct appeal that the trial court erred in allowing incompetent testimony. (Doc. 22, Ex. 2.) In asserting that the trial court erred in denying her motion for judgment of acquittal, Paul alleged that State witnesses gave testimony indicating they lacked knowledge about some of the evidence or allegations. (*Id.*, pp. 23-24.) Even assuming this portion of the appellate brief could be read as alleging that the testimony of these witnesses was "incompetent" for the reasons presented in the federal habeas petition, Paul's claim is unexhausted because she did not raise the federal nature of her allegation, as discussed with respect to Grounds One, Five, and Six, *supra*. And as she is prohibited from presenting the federal claim in a second direct appeal, her claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Paul does not assert or show that an exception applies to overcome the default. Consequently, Ground Three is barred from review.

**Ground Two**

Paul argues that the trial court erred in admitting unauthenticated summary evidence, contrary to § 90.956, Fla. Stat. This claim involves the application of state law, and Paul does not allege any federal constitutional violation. Accordingly, her claim is not cognizable in this federal habeas proceeding. *See Branan*, 861 F.2d at 1508. Even if her argument was liberally interpreted as raising a federal claim, it would be unexhausted because she failed to present the federal dimension of the claim on direct appeal. (Doc. 22, Ex. 2, pp. 18-21.) Because Paul cannot now present the federal claim to the state court in a successive appeal, the claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Paul has not argued or established that the cause and prejudice or fundamental

miscarriage of justice exception applies to overcome the default. Accordingly, Ground Two is barred from review.

**Ground Seven**

Paul claims that the trial court's restitution order "violated due process and was unauthorized by law." (Doc. 16, p. 24.) She has only cited state law to support her allegation, and raises no federal claim. Accordingly, Paul's claim is not cognizable. *See Branan*, 861 F.2d at 1508. Paul's allegation of a "due process" violation does not alter this conclusion. *See id.* ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). Moreover, any federal claim that could be deduced from Paul's argument is unexhausted because Paul did not raise a federal claim on direct appeal when she challenged the trial court's imposition of restitution. (Doc. 22, Ex. 2, pp. 24-25.) Paul's claim is procedurally defaulted due to her inability to return to state court and present the claim in a successive direct appeal. *See Smith*, 256 F.3d at 1138. She does not allege or demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception applies to overcome the default. Accordingly, Ground Seven is barred from review.

**Ground Four**

The Second District Court of Appeal affirmed Paul's conviction and sentence in a *per curiam* affirmance without a written opinion. Therefore, the Florida Supreme Court did not have discretionary jurisdiction to review the District Court of Appeal's decision. "Article V, section 3(b), of the Florida Constitution governs the jurisdiction of the Florida Supreme Court. As [the Florida Supreme Court has] explained, this jurisdiction 'extends only to the

narrow class of cases enumerated' in that constitutional provision." *Wells v. State*, 132 So.3d 1110, 1112 (Fla. 2014) (quoting *Gandy v. State*, 846 So.2d 1141, 1143 (Fla. 2003)). And the Florida Supreme Court has "[held] that '[it] does not have discretionary review jurisdiction . . . to review per curiam denials of relief, issued without opinion or explanation, whether they be in opinion form or by way of unpublished order.'" *Id.* at 1113 (quoting *Stallworth v. Moore*, 827 So.2d 974, 978 (Fla. 2002)).

Paul claims that her inability to obtain review in the Florida Supreme Court "is itself a denial of federal due process rights" because the "truncated procedure deprives the accused of knowing whether arguments were fairly considered." (Doc. 14, p. 11.) Paul's claim involves a challenge to the operation of the state judicial system and the provision of the Florida Constitution governing the Florida Supreme Court's jurisdiction. It raises no federal constitutional challenge to the validity of her conviction. Therefore, Paul's claim is not cognizable in this proceeding. *See* 28 U.S.C. § 2254(a). *See also McGuire*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("[W]here a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief . . . . habeas relief is available to address defects in a criminal defendant's conviction and sentence.") (citations omitted).[4] Ground Four warrants no relief.

**Ground Eight**

---

[4] Notwithstanding cognizability, Paul has not demonstrated that the United States Constitution prevents Florida from establishing its own system of appellate review or requires that the Florida Supreme Court's discretionary jurisdiction extend to a case resolved through a *per curiam* affirmance. *See, e.g., Griffin v. Illinois*, 351 U.S. 12, 18 (1956). ("[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all.").

Paul argues that the cumulative effect of "[t]he numerous, overlapping improprieties including the admission of improper evidence, the allowance of summary evidence, the failure to establish any crime on the offense date of July 3, 2006 and the deprivation of effective appellate review demand relief." (Doc. 16, p. 26.) This claim does not raise any clear federal constitutional violation and, consequently, is not cognizable in Paul's federal habeas action. *See Branan*, 861 F.2d at 1508.

Even if Paul's argument could be interpreted as presenting federal claim because it involves her appellate review claim, which alleged a federal due process violation, such a claim is unexhausted. When Paul presented her cumulative error claim on direct appeal, she did not mention any federal constitutional violation. (Doc. 22, Ex. 2, p. 26.) Nor did she address the state's appellate review process. (*Id.*) Therefore, the claim as presented in the federal habeas petition is also unexhausted because Paul did not present the same supporting allegations to the state appellate court. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough . . . that a somewhat similar state-law claim was made. . . . The habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim.") (quotations omitted).

As Paul cannot return to state court to present the federal claim in a successive direct appeal, her claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Paul does not allege or demonstrate cause and prejudice or a fundamental miscarriage of justice to overcome the default. Consequently, Ground Eight is barred from review.

It is therefore

**ORDERED** that Paul's second amended petition for writ of habeas corpus (Doc. 14) is **DENIED**. The Clerk is directed to enter judgment against Paul and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is **ORDERED** that Paul is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Paul "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). She has not made the requisite showing in these circumstances. Finally, because Paul is not entitled to a COA, she is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on June 15, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record